### JUDD v. BURRELL et al.

(Supreme Court. General Term, Second Department.   February 13, 1893.)

CONTRACT TO MAKE WILL—EVIDENCE OF AGREEMENT.

> Plaintiff lived with her sister in the latter's house, under an agreement to live together and work together to clear off an incumbrance thereon, the house to be plaintiff's after her sister "had done with it." Plaintiff advanced some $800 in cash under the agreement, and all her savings went into the family support while the sister lived. Some two years before the latter's death, she stated that, if she died first, the house was to be plaintiff's. *Held*, that a finding that under the agreement plaintiff was to have a life estate in the house was not supported by the evidence.

Appeal from judgment on report of referee.

Action by Sarah Maria Judd against Mary E. Burrell, Fanny Hodgins, Matilda Gaze, John Judd, and George W. Cobb, as executor of the last will and testament of Emily E. Butler, deceased, which will was dated nine years before testator's death. From a judgment rendered in favor of defendants, dismissing the complaint, plaintiff appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Thomas J. Keigharn, for appellant.

A. P. Bates, for respondent Burrell.

Thomas M. Wyatt, (John H. McCracken, of counsel,) for respondent Gaze.

A. C. & M. H. Ellis, for respondent Cobb.

Henry W. Slocum, for respondent Judd.

BARNARD, P. J.   The evidence does not support the restricted finding of the referee that the agreement was to be limited to the life of the plaintiff. The fact is clear and is fully proven that the plaintiff

advanced some $800 to free the land from a pressing mortgage; that the parties lived together,—the plaintiff and her sister Mrs. Butler; that they made an arrangement that they should so live, and one go out as nurse, and the other either do the same work or keep boarders; that all the plaintiff's money went into the family support while Mrs. Butler lived; that the agreement was unrestricted; that the plaintiff had given the money under an agreement "to live together and work together, and clear off the expense of the house, and in future years they should live together, and the house was to be Sarah's after she had done with it." Some two years before she (Mrs. Butler) died, she stated, "Well, of course, if I die first, the house will be Sarah's." The will which gave a life estate was made some years before this statement. The plaintiff is entitled to a reversal of the judgment, and a new trial at special term, with costs to abide event. All concur.